

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# USA v. Crute

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2776

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Crute" (2007). *2007 Decisions*. Paper 472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2776

———————

UNITED STATES OF AMERICA

v.

GEORGE WASHINGTON CRUTE,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 05-cr-00100-1)
District Judge: Hon. Thomas M. Hardiman

———————

Submitted under Third Circuit LAR 34.1(a)
on May 18, 2007

Before: FISHER and ROTH, <u>Circuit Judges</u>
RAMBO*, <u>District Judge</u>

(Opinion filed September 6, 2007)

———————

*Judge Sylvia H. Rambo, United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

OPINION

**ROTH,** <u>Circuit Judge</u>:

A jury found George Washington Crute III guilty of two counts of possession with the intent to distribute more than five grams of crack cocaine. The District Court sentenced Crute to ten years on both counts to be served concurrently and imposed a fine of $2,600. Crute appealed his conviction and sentence, arguing that (1) inadmissible evidence was admitted at trial; (2) the jury, rather than the District Court should have determined whether he had a prior felony conviction for sentencing purposes;[1] and (3) the imposition of the $2,600 fine required notice, was improper given Crute's inability to pay, and required further consideration of statutory factors. Finding no error, we will affirm.

## I. **BACKGROUND**

This case centers around three controlled purchases of crack cocaine by a confidential informant. The informant, Lonnie Williford, had been arrested on April 23, 2004, for the sale of crack cocaine and agreed to cooperate with the police as a confidential informant. Williford shared with authorities information about Crute, a "friend of a friend," and ultimately agreed to make three controlled buys from Crute. All three buys were made under the supervision of Captain McClure of the narcotics unit of the Beaver County District

---

[1] Crute acknowledges that he appealed this issue only to preserve his claim should the Supreme Court overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which presently controls.

Attorney's Office and Pennsylvania State Trooper Michael C. Warfield.

Crute was indicted on April 12, 2005 for possession with intent to distribute less than five grams of crack cocaine on August 4, 2004 (Count 1), 21 U.S.C. § 841(a)(1), (b)(1)(C), possession with intent to distribute more than five grams of crack cocaine on August 7, 2004 (Count 2), 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession with intent to distribute more than five grams of crack cocaine on February 10, 2005 (Count 3), 21 U.S.C. § 841(a)(1), (b)(1)(B). The jury returned a mixed verdict, acquitting Crute on Count 1 but convicting him on Counts 2 and 3.

At sentencing, the District Court took into account Crute's prior felony conviction in calculating the range of penalties suggested by the Sentencing Guidelines and his statutory mandatory minimum penalty. The Sentencing Guideline recommended range was seventy to eighty-seven months, while the statutory mandatory minimum was ten years. The District Court imposed a sentence of ten years of imprisonment.

The Sentencing Guidelines also suggested a fine of $12,500 to $4,000,000. The District Court imposed a fine of $2,600, the amount of cash that Crute had on his person at the time of his remand to custody, stating that the Guideline range was too high and that the $2,600 fine was just and appropriate.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

## II. **DISCUSSION**

At trial, the vehicle registration records of the three cars owned by Crute that were

observed over the course of the investigation were admitted into the record pursuant to the hearsay exception for government records. Crute contends that this was error, arguing that the records do not qualify for the exception and that the documents admitted at trial were not authenticated.

To the extent that our review implicates the District Court's interpretation of the Federal Rules of Evidence, our review is plenary. *United States v. Mornan*, 413 F.3d 372, 377 (3d Cir. 2005). Where the District Court's ruling was based on a permissible interpretation of a rule, we review for abuse of discretion. *Id.* We review the District Court's ruling as to proper authentication for abuse of discretion. *United States v. McGlory*, 968 F.2d 309, 328 (3d Cir. 1992).

Federal Rule of Evidence 803(8) provides in relevant part that "records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency" are not excluded by the hearsay rule unless "the sources of information or other circumstances indicate lack of trustworthiness." Registration of automobiles is clearly a routine, non-adversarial activity of the Pennsylvania Bureau of Motor Vehicles. Accordingly, vehicle registration records are admissible under Rule 803(8).

Federal Rule of Evidence 901 states that "[t]he requirement of authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evidence may be properly authenticated if a witness with knowledge testifies that the document is what it claims to be. *United States v. Goldin*, 311 F.3d 191, 197 (3d Cir. 2002). The vehicle registration records were authenticated at trial

4

by a witness with knowledge–the investigating officer who originally retrieved them from PennDot.

We conclude that the admission of the vehicle registration records was proper, and there was no error committed by the District Court.

As for the imposition of a $2,600 fine Crute argues that the fine should be overturned because (1) the District Court erred by failing to provide notice of the imposition of a fine outside of the guidelines range, (2) the District Court erred by imposing a fine despite the statement in the presentence report that Crute would be unable to pay a fine within the guideline range, and (3) the District Court erred by failing to explicitly consider the statute regarding the imposition of fines. Crute's first two arguments were not raised at trial and so are reviewed only for plain error. *United States v. Gordon*, 290 F.3d 539, 542-43 (3d Cir. 2002). Crute's third argument was preserved, and our review of the sufficiency of the District Court's findings is plenary. *United States v. Demes*, 941 F.2d 220, 223-24 (3d Cir. 1991).

In view of the fact that the amount of the fine, $2,600, was a small fraction of the $12,500 to $4 million Sentencing Guideline range, we find no clear error in the failure to give notice of an intent to depart – even had notice of a departure below the Guideline amount been necessary – which we doubt.

As for the decision to impose a fine, section 5E1.2(a) of the Sentencing Guidelines provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."

U.S.S.G. § 5E1.2(a). When a defendant did not at sentencing raise the issue of his or her inability to pay, a sentencing court's decision to impose a fine is reviewed for plain error. *United States v. Torres*, 209 F.3d 308, 313 (3d Cir. 2000).

Crute claims that because the presentence report stated that Crute "does not appear [to have] the ability to pay a fine within the advisory guideline range," it was plain error for the District Court to impose a fine. However, as the presentence report did state, Crute had $2,600 in cash in his possession when taken into custody. It is not plain error for the District Court to find that a defendant with $2,600 in cash has the ability to pay a $2,600 fine.

Moreover, the District Court created a record sufficient for meaningful appellate review. By adopting the conclusions of the presentence report and basing the fine imposed on the amount of cash that Crute had in his possession, the District Court implicitly considered Crute's ability to pay. Such consideration, alongside a record sufficiently well developed to allow for meaningful appellate review, satisfies the requirements of 18 U.S.C. § 3572.

## III. **CONCLUSION**

For the foregoing reasons, the District Court's judgment will be **affirmed**.