NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2011[*]
Decided April 7, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3837

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 486-1 |
| COREY A. HILL, *Defendant-Appellant*. | John W. Darrah, *Judge*. |

**O R D E R**

The Fair Sentencing Act of 2010, which took effect on August 3, 2010, raised from 50 to 280 grams the amount of crack cocaine necessary to trigger a statutory minimum term of imprisonment of 10 years, and from 5 to 28 grams the amount needed to trigger a minimum term of 5 years. *See* PUB. L. NO. 111-220, § 2(a), 124 STAT. 2372, 2372 (2010); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2009, a jury found Corey Hill guilty of possessing 50 or more grams of crack with intent to distribute. *See* 21 U.S.C. § 841(a)(1). At sentencing, in December 2010, the district judge relied on our decision in *United States v. Bell*, 624 F.3d 803 (7th Cir. 2010), *petition for cert. filed*, ___ (U.S. Mar. 4, 2011) (No. 10-9409), and concluded that the Fair Sentencing Act did not apply retroactively to Hill. The judge thus sentenced Hill to 120 months in prison, which was the statutory minimum because his offense was committed before the Act took effect. The judge noted, however, that he would have imposed a term of 51 months if not for the statutory minimum.

Hill's only argument on appeal is that the Fair Sentencing Act should apply to any defendant sentenced after its enactment, even if the underlying crime was committed before. That, he contends, was Congress's intent, as evidenced by the language of the Act and its legislative history. For Hill, that would have meant a minimum of 5 years, not 10. But we recently rejected the same argument in *United States v. Fisher*, Nos. 10-2352 & 10-3124, 2011 WL 832942, at *3 (7th Cir. Mar. 11, 2011), where we reaffirmed our holding in *Bell* that the Fair Sentencing Act does not apply retroactively and added that the relevant date for determining whether the Act applies is the date of the offense conduct, rather than the date of sentencing.

Accordingly, we AFFIRM the judgment of the district court.