# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1749

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Sterling McKoy, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 12, 2011
Filed: December 30, 2011

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sterling McKoy is serving a 300 month sentence after a jury found him guilty of conspiracy to distribute crack cocaine. McKoy filed a motion in the district court for modification of his sentence under 18 U.S.C. § 3582(c)(2) based on the intervening amendment 706 to the United States Sentencing Guidelines which lowered the base offense levels for distribution of cocaine base. The district court denied his motion on the ground that amendment 706 did not apply retroactively, and McKoy appeals. We reverse and remand.

Some years ago a jury found McKoy guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. At sentencing in 2004, the district court found the offense involved at least 1.5 kilograms of crack cocaine, leading to a base offense level of 38. When combined with his criminal history category of VI, a guideline range of 360 months to life resulted. The district court sentenced McKoy to 348 months after applying a 12 month reduction for time served.

Less than one month after McKoy's sentencing, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), and we remanded his case for resentencing in light of that decision. At resentencing the district court varied downward to impose a sentence of 300 months. McKoy then filed a direct appeal of his conviction, which we affirmed. United States v. McKay, 431 F.3d 1085 (8th Cir. 2005).

In March 2011 McKoy filed a motion for modification of his sentence under 18 U.S.C. § 3582(c)(2), which gives a district court discretionary authority to reduce a defendant's term of imprisonment if the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." McKoy's motion was based on amendment 706 to the sentencing guidelines, which became effective in 2007 and lowered the base offense levels for offenses involving cocaine base.

McKoy argued that application of amendment 706 would reduce his base offense level by two levels to 36, leading to a guideline range of 324 to 405 months. Because his original sentence of 300 months was 60 months below the bottom of his original guideline range of 360 months, McKoy urged the district court to apply the same 60 month reduction to the bottom of his amended guideline range and accordingly reduce his sentence to 264 months. The district court denied McKoy's

motion on the ground that circuit precedent foreclosed applying amendment 706 retroactively. McKoy appeals.

The Sentencing Commission has treated amendment 706 as a retroactive amendment which can provide the basis for a § 3582(c)(2) motion, and we have previously recognized the retroactive nature of this amendment. See United States v. Byers, 561 F.3d 825, 827 (8th Cir. 2009); U.S.S.G. § 1B.10(c). Our circuit by contrast has decided that the Fair Sentencing Act of 2010, moderating mandatory minimum cocaine base sentences, is not retroactive. See United States v. Orr, 636 F.3d 944, 958 (8th Cir. 2011). But see United States v. Hill, 417 F. App'x 560 (7th Cir. 2011) (certiorari granted to consider the retroactivity of the Fair Sentencing Act); United States v. Fisher, 635 F.3d 336 (7th Cir. 2011) (same). We therefore remand to the district court to reconsider McKoy's motion in light of the fact that amendment 706 has retroactive effect.

We note that while this appeal was pending, the Sentencing Commission made changes to the policy statement applicable to § 3582(c)(2) motions that could potentially impact McKoy's motion. See U.S.S.G. app. C (vol. III) amend. 759 (2011); U.S.S.G. §1B1.10(b)(2) (2011) (permitting sentence reductions below a defendant's amended guideline range only in instances where the defendant provided substantial assistance to the government). The Sentencing Commission's policy statements are binding on district courts deciding § 3582(c)(2) motions. See Dillon v. United States, 130 S. Ct. 2683, 2692–93 (2010). The newest version of the relevant policy statement also provides that district courts should "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 cmt. n.6 (2011). Upon remand, the district court will need to consider which version of this policy statement applies.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.[1]

_____

---

[1]McKoy's pro se motion to "supplement, correct, and modify" the record is denied because it does not pertain to the subject of the present appeal.