**ALD-192**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1397
_____

UNITED STATES OF AMERICA

v.

GEORGE W. CRUTE, III,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 05-cr-00100-001)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: June 8, 2012)
_____

OPINION
_____

PER CURIAM.

George W. Crute, III, appeals pro se from the order of the District Court denying

his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2).  We will affirm.

I.

In 2006, Crute was convicted of two counts of possessing with the intent to

distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Because Crute had been convicted of a previous felony drug offense, the mandatory minimum statutory sentence at the time of his sentencing was ten years of imprisonment. See 21 U.S.C. § 841(b)(1)(B) (2006 version). The District Court imposed that mandatory minimum and sentenced Crute to ten years of imprisonment on each count to run concurrently. We affirmed. See United States v. Crute, 238 F. App'x 903, 904 (3d Cir. 2007).

Thereafter, the Fair Sentencing Act of 2010 ("FSA") became law on August 3, 2010. See United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011). In relevant part, the FSA increased the amount of crack cocaine necessary to trigger a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) from five grams to twenty-eight grams. See Dixon, 648 F.3d at 197. The FSA also authorized the United States Sentencing Commission to amend the Sentencing Guidelines to conform with the FSA, which the Commission did effective November 1, 2010. See id. at 197-98. The Commission later made Amendment 750, which revised the Guidelines drug quantity tables in accordance with the FSA, retroactive effective November 1, 2011. See United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012) (citing U.S.S.G. § 1B1.10(c)), petition for cert. filed, — U.S.L.W. —, (U.S. May 1, 2012) (No. 11-10123).

Crute then filed pro se the § 3582(c)(2) motion at issue here on the basis of the retroactive FSA-related Guidelines amendments and the FSA itself. The District Court appointed counsel for that purpose but, for reasons not apparent from the record, Crute

2

continued to file papers in support of his motion pro se. The District Court denied the motion on the ground that the FSA does not retroactively apply to Crute's sentence because he was sentenced before its effective date. Crute appeals pro se.[1]

## II.

In his § 3582(c)(2) motion, Crute mentioned the FSA-related Guidelines amendments and purported to seek relief on the reduction of a Guidelines sentencing range applicable to him. His only actual argument in this regard, however, was that the FSA itself should apply retroactively to relieve him of his statutory minimum sentence.[2] The District Court determined that the FSA does not apply retroactively to Crute. Assuming without deciding that § 3582(c)(2) permits a claim based on the FSA itself as opposed to its related Guidelines amendments,[3] the District Court was right.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. The Government initially argued below, without citation to authority, that the District Court lacked "jurisdiction" over Crute's motion in light of a previous § 3582(c)(2) motion he filed. Crute, however, filed his previous motion on the basis of a different Guidelines amendment before the FSA became law. In any event, we perceive no jurisdictional impediment to the District Court's ability to address his second motion on the merits, or to ours. We exercise plenary review over legal issues raised on a § 3582(c)(2) motion. See United States v. Doe, 564 F.3d 305, 307 n.2 (3d Cir. 2009).

[2] Crute also argued that, on resentencing, the District Court should favorably consider his post-conviction rehabilitation in applying the factors set forth in 18 U.S.C. § 3553(a). The District Court did not reach that argument and, because we agree that Crute was not eligible for resentencing in the first place, we do not reach it either.

[3] The statute permits district courts to reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by

3

As Crute acknowledges on appeal, we and every other Court of Appeals to have addressed the issue have held that the FSA does not apply retroactively to defendants, like Crute, who were sentenced before its effective date.  See United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010).  We later held that the FSA is applicable to defendants who committed their crimes before its effective date but who, unlike Crute, were sentenced only thereafter.  See Dixon, 648 F.3d at 203.  We also explained in that case that the Sentencing Commission's decision to make the FSA-related Guidelines amendments retroactive "does not affect the statutory mandatory minimums" that were amended by the FSA itself.  Id. at 198 n.1; see also Doe, 564 F.3d at 312 (holding that a defendant is not eligible for a reduction under § 3582(c)(2) when the sentence is the product of a mandatory statutory minimum).  Thus, under the controlling law of this Circuit, neither the FSA itself nor the Sentencing Guidelines amendments promulgated thereunder entitle Crute to a reduction in his mandatory minimum sentence.

Perhaps recognizing as much, Crute argues on appeal that Reevey "is no longer good law" because the Sentencing Commission later made its FSA-related amendments retroactive and its decision to do so makes the FSA itself retroactive as well.  Crute cites no authority for that proposition, and we have located none.  To the contrary, the only Court of Appeals to have addressed it precedentially has rightly rejected it as "illogical."  Curet, 670 F.3d at 309.  As that court explained, the Sentencing Commission's authority

the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  This language contemplates only certain challenges based on amendments to the Guidelines, not on legislation.  We need not decide the issue, however, because Crute's claim clearly lacks merit.

4

to make Guidelines amendments retroactive does not extend to statutes, and the Commission expressly stated in making its FSA-related amendments retroactive that they do not make retroactive the FSA itself. See id. at 309-10 (citing 28 U.S.C. § 994(u) and 76 Fed. Reg. at 41,333).

Crute also notes that the United States Supreme Court has granted certiorari to address whether (as we later held in Dixon) the FSA applies to defendants who committed their crimes before its effective date but who, unlike Crute, were sentenced only thereafter. See United States v. Fisher, 635 F.3d 336 (7th Cir. 2011), cert. granted sub nom., Dorsey v. United States, 132 S. Ct. 759 (Nov. 28, 2011) (No. 11-5683); United States v. Hill, 417 F. App'x 560 (7th Cir. 2011), cert. granted, 132 S. Ct. 759 (Nov. 28, 2011) (No. 11-5721). Crute does not argue that we should stay this appeal pending the Supreme Court's decision in those cases, however, and we see no reason to do so. The issue on which the Supreme Court granted certiorari does not apply to Crute because he was sentenced before the FSA's effective date. If the Supreme Court nevertheless addresses the retroactivity of the FSA as to defendants in Crute's situation, of course, then our ruling does not prevent Crute from seeking whatever relief may be available in that regard if it is otherwise proper for him to do so. We express no opinion on those issues.

For these reasons, we will affirm the judgment of the District Court.