# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

No. 11-60228
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO REESE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CR-103-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following a jury-trial conviction on three counts of distribution of more than five grams of cocaine base (crack cocaine), Antonio Reese was sentenced to concurrent sentences of 10-years' imprisonment, the mandatory minimum sentences in effect at the time of the offenses. He appeals the conviction and sentence.

The Government's main trial evidence was the testimony of two witnesses: a supervising Agent of the Mississippi Bureau of Narcotics (MBN); and a paid

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential informant (CI) who made controlled drug buys from Reese under the Agent's direction.

First, Reese contends the district court abused its discretion by not allowing him, on cross-examination, to ask the Agent whether money paid to the CI was reported to state taxing authorities so that the CI would be expected to pay taxes on it. He asserts he was barred from confronting the Government's witness and presenting a "complete defense".

Constitutional claims, such as claims based on the right to confront witnesses and the right to present a defense, are reviewed *de novo*, subject to review for harmless error. *E.g.*, *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008). An error is harmless and "must be disregarded" if it "does not affect substantial rights". Fed. R. Crim. P. 52(a). Absent a constitutional violation, a court's limits on cross-examination are reviewed only "for an abuse of discretion, which requires a showing that the limitations were clearly prejudicial". *Skelton*, 514 F.3d at 438.

If there was any error in limiting cross-examination, it was harmless. The jury had already heard that the CI had been paid several hundred dollars in cash as "pocket" money, and the relevance of the MBN's reporting of these payments to the state taxing authority was so tenuous and peripheral to the issue of the CI's motivation as to be insignificant. In other words, its exclusion resulted in no prejudice.

Second, Reese contends the district court erred by denying his motion for a mistrial after the Agent testified about two other cases in which the CI assisted law enforcement. Both the denial of the mistrial motion and the admission of the evidence are reviewed for abuse of discretion. *E.g.*, *United States v. Akpan*, 407 F.3d 360, 366, 374 (5th Cir. 2005). The Agent's testimony was elicited on redirect examination after the defense had cross-examined him vigorously about the quality of the MBN's investigation and its assessment of the CI's reliability. The defense specifically asked about a prior occasion when

the CI allegedly did not perform as promised. Eliciting the Agent's brief testimony was a permissible response to Reese's cross-examination. Fed. R. Evid. 608(b)(2). The district court did not abuse its discretion by either admitting the testimony or denying the mistrial motion.

Third, Reese contends the district court committed reversible plain error by allowing the CI to read from a document that was not admitted in evidence. As reflected in Reese's contention, there was no objection at trial. Reversible plain error exists only if the error was clear or obvious and affected Reese's substantial rights; even then, we have discretion whether to reverse the error and generally will do so only if it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The document at issue was a report made by the CI after a controlled drug buy. Defense counsel first showed it to the testifying CI in an effort to establish that the CI failed to report a difference in the amount of money given to him to buy drugs and their cost. On redirect examination, the Government showed the CI the same document, which he read from and which showed that the CI had reported the difference to the supervising Agents. With the court's assent, the document was not displayed to the jury because it had not been admitted in evidence.

Reese maintains the evidence was "not tested by the rigors of the federal rules of evidence", but he cites no evidentiary rule or any other law suggesting that reading from the unadmitted report was improper in any way. He does not explain why the CI's testimony might have been inadmissible. Reese fails to show reversible plain error.

Concerning his sentence, Reese contends the district court should have applied the Fair Sentencing Act (FSA) of 2010, which reduced penalties for trafficking in crack cocaine. We do not consider his misplaced contention based on 18 U.S.C. § 3582(c)(2), which concerns retroactive amendments to the

No. 11-60228

Sentencing Guidelines, because no § 3582(c)(2) motion was filed or ruled on in district court. In any event, the law of our circuit is that the FSA does not apply in cases such as Reese's, where the crimes were committed prior to the FSA's effective date, even though sentencing occurred after it. *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir.), *petitions for cert. filed* 15 Dec. 2011 (No. 11-8023) and 27 Dec. 2011 (No. 11-8268). Although the Supreme Court has granted certiorari on this issue in *United States v. Fisher*, 635 F.3d 336 (7th Cir.), *cert. granted sub nom. Dorsey v. United States*, 132 S. Ct. 759 (2011) (No. 11-5683), and *United States v. Hill*, 417 F. App'x 560 (7th Cir.), *cert. granted*, 132 S. Ct. 759 (2011) (No. 11-5721), we are bound by our precedent absent an intervening Supreme Court or en banc decision. *E.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

AFFIRMED.