# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2857

_____

United States of America

*Plaintiff - Appellee*

v.

Sterling McKoy, also known as Jerome, also known as Mr. Mafioso

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: August 9, 2012
Filed: August 28, 2012
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sterling McKoy was convicted of conspiracy to distribute crack cocaine in 2004 and was sentenced to 300 months imprisonment, a downward variance from his guideline range of 360 months to life. In 2011 he moved for a modification of his sentence under 18 U.S.C. § 3582(c)(2) based on amendment 706 to the sentencing guidelines, which lowered the base offense levels for offenses involving cocaine base.

The district court concluded that the amendment did not apply retroactively and denied the motion. McKoy appealed. We reversed and remanded, noting that the amendment was retroactive. United States v. McKoy, 665 F.3d 968, 970 (8th Cir. 2011). On remand, the district court denied McKoy's motion, concluding that he was not eligible for a reduction in sentence. We affirm.

The Sentencing Commission's recent changes to the policy statement applicable to § 3582(c)(2) motions foreclose the relief McKoy seeks. See U.S.S.G. app. C (vol. III) amend. 759 (2011); McKoy, 665 F.3d at 970 (noting changes). That policy statement permits sentence reductions "to a term that is less than the minimum of the amended guideline range" only if the defendant provided substantial assistance to the government. U.S.S.G. § 1B1.10(b)(2) (2011). District courts are to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 cmt. n.6 (2011). The minimum of the amended guideline range applicable to McKoy's offense under amendment 706 would be greater than his current sentence of 300 months. See U.S.S.G. § 1B1.10(b)(2)(A). Since McKoy did not provide substantial assistance and any reduction would be "to a term that is less than the minimum of the amended guideline range," he is not eligible for a reduction under the current version of the policy statement. See U.S.S.G. § 1B1.10(b)(2).

Accordingly, the judgment of the district court is affirmed.

_____